UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROUMMEL JEROME INGRAM,

        Petitioner,        Case No. 12-13107
                                 Honorable David M. Lawson

v.

JOHN PRELESNIK,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PROCEEDING IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

The petitioner, Roummel Jerome Ingram, presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He was convicted by a jury in the Oakland County Circuit Court of armed robbery, Mich. Comp. Laws § 750.529, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, two counts of felonious assault, Mich. Comp. Laws § 750.82, and three counts of possession of a firearm during the commission of a felony (felony firearm). Mich. Comp. Laws § 750.227b. He was sentenced on February 14, 2006 to two years on each of the felony firearms counts, two years and two years and seven months on the felonious assault convictions, six years and eight months on the assault with intent to do great bodily harm conviction, and twenty-three years and nine months on the armed robbery conviction. The petitioner raises claims regarding the admission of evidence, defense counsel's failure to investigate, defense counsel's admission of the petitioner's guilt at trial, violation of the right to be free from unlawful searches and seizures, defense and appellate counsels' failure to raise and preserve Fourth Amendment claims at trial and on appeal, and the trial court's closing of the courtroom during a prosecution witness's testimony.

On July 10, 2012, the petitioner filed a "Motion to File 'Protective' Petition for Writ of Habeas Corpus," asking the Court to stay his habeas proceeding while he exhausts his state court remedies for a claim presently raised in his petition regarding violation of his right to a public trial. For the reasons discussed below, the Court will grant the petitioner's request, stay the petition, establish conditions under which he must proceed, and administratively close the case.

I.

The petitioner was convicted of the charges listed above following a jury trial in the Oakland County, Michigan circuit court. On appeal, the petitioner raised claims that his due process rights were violated by the admission of "other acts" evidence and that his trial counsel was ineffective. The petitioner's convictions were affirmed by the Michigan Court of Appeals on December 4, 2007. *See People v. Ingram*, No. 273086, 2007 WL 4245642 (Mich. Ct. App. Dec. 4, 2007). The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on March 24, 2008. *People v. Ingram*, 480 Mich. 1138, 746 N.W.2d 68 (2008).

On May 29, 2009, the petitioner filed a motion for relief from judgment in the trial court, raising claims that his arrest violated the Fourth Amendment and that his trial and appellate counsel was ineffective. *See* Petition at 3. The trial court denied the motion and the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal the trial court's decision. *People v. Ingram*, No. 302663 (Mich. Ct. App. Oct. 5, 2011); *People v. Ingram*, 491 Mich. 941, 815 N.W.2d 479 (2012).

While his appeal from the trial court's denial of his first motion for relief from judgment was pending, the petitioner filed a second motion for relief from judgment. That motion, attached to his habeas petition, raises a single claim addressing the alleged denial of the petitioner's right to a public

trial. The motion was based on the Supreme Court's decision in *Presley v. Georgia*, 130 S. Ct. 721 (2010), in which the Court held that a criminal defendant's Sixth Amendment right to a public trial was violated when the trial court excluded the public from the *voir dire* of prospective jurors. The trial court denied the motion on December 2, 2011. The petitioner's application for leave to appeal remains pending in the Michigan Court of Appeals. *See People v Ingram*, No. 310422 (Mich. Ct. App.).

On July 10, 2012, the petitioner filed the instant petition for a writ of habeas corpus, raising the following claims:

> I. Petitioner's right to due process of law under the Fourteenth Amendment was violated and habeas relief is warranted due to the trial court allowing the admission of improper similar acts evidence.
>
> II. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel where trial counsel failed to adequately investigate the facts and conceded petitioner's guilt at trial to five out of the six charges against petitioner without petitioner's express consent. . . .
>
> III. The warrantless arrest of the Petitioner who was a passenger in the vehicle stopped and searched was a violation of the petitioner's Fourth Amendment right to be free of a warrantless search and seizure.
>
> IV. The petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial court and appellate attorneys failed to raise and preserve the issue of illegal arrest and admission of identification evidence at the trial court and appellate court levels.
>
> V. The trial court reversibly erred in closing the courtroom to the public at petitioner's trial during the testimony of a prosecution witness without considering any reasonable alternatives to closure.

Pet. 2-3. The petitioner seeks a stay of this case pending resolution of his appeals of the denial of his second motion for relief from judgment in the state courts.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987))). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

The Supreme Court has held that the filing of a federal habeas petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court

nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

If there are state court procedures available to a petitioner to present constitutional claims, he must use them. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, the petitioner availed himself of the procedures for seeking relief from his criminal judgment by judgment filing a motion in the Oakland County, Michigan circuit court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by both Michigan appellate courts through an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The first four claims in the petition have been exhausted, as the petitioner raised them either in his direct appeal or in his first motion for relief from judgment. However, the petitioner's second motion for relief from judgment on his final unexhausted claim—that his right to a public trial was violated — is still wending its way through Michigan's appellate court system. The petitioner bases this claim on *Presley v. Georgia*, 130 S. Ct. 721 (2010), which was not decided until after the petitioner's first motion for relief from judgment was filed. Therefore, the petitioner has demonstrated good cause for his failure to raise that claim previously. Further, his unexhausted claims are not "plainly meritless," and he is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

The denial of the petitioner's motion to stay might prevent the petitioner from re-filing a habeas petition following the exhaustion of his claims in the state courts due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for staying a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask that the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 277).

The statute of limitations in 28 U.S.C. § 2244(d) should cause the petitioner some concern. The Michigan Supreme Court denied the petitioner leave to appeal on direct review on March 24, 2008. The petitioner's convictions became final ninety days later, on June 22, 2008, when the time during which the petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations commenced the following day, June 23, 2008. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). On May 28, 2009, just over eleven months later, the petitioner filed his first motion for post-conviction relief in the trial court, thereby stopping tolling the statute of limitations. 28 U.S.C. § 2244(d)(2). The petitioner filed the pending petition while the statute was still tolled by the first motion, that is, while his application for leave to appeal the denial of his first motion for relief from judgment remained

pending in the Michigan Supreme Court. If the Court dismisses the habeas petition, there is a good chance that any future habeas petition would be untimely.

To avoid injustice, the Court will stay the present petition while the petitioner completes the appeal process on his second motion for relief from judgment in state court, provided that the petitioner acts promptly. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Because the petitioner already has filed his motion for relief from judgment in the state court, the petitioner must file an amended petition in this Court within twenty-eight days after the conclusion of state court proceedings. Failure to do so will result in the dismissal of this case without prejudice.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay proceedings [dkt. # 3] is **GRANTED**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent must file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **six months** thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of the Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this case.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 20, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 20, 2012.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL

---