UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROUMMEL INGRAM,

        Petitioner,         Case Number: 12-13107
                                        Honorable David M. Lawson

v.

JOHN PRELESNIK,

        Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION
AND MOTION FOR AN EVIDENTIARY HEARING**

This matter is before the Court on the petitioner's motion for a certificate of appealability. On July 12, 2016, the Court denied the petitioner's habeas corpus petition, entered judgment, and denied a certificate of appealability on all issues raised in the petition. The petitioner now seeks a certificate of appealability on four of the issues rejected by this Court. Because the Court previously denied a certificate of appealability, the Court will construe the motion for a certificate of appealability as a motion for reconsideration of its order denying a certificate of appealability.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3). The petitioner's motion essentially reiterates the arguments that he previously advanced in his petition, and he has failed to

1

establish any palpable defect in the Court's ruling denying a certificate of appealability. The Court finds that reasonable jurists would not disagree with this determination. The Court therefore will deny the petitioner's motion.

The petitioner also notes in his motion for a certificate of appealability that he filed a motion for an evidentiary hearing that was never addressed by this Court. The petitioner filed his original habeas corpus petition on July 10, 2012. On that same day, he also filed a motion to hold his petition in abeyance and a motion for an evidentiary hearing. On August 20, 2012, the Court granted the petitioner's motion to hold his petition in abeyance to permit him to exhaust his claims in state court and terminated the motion for an evidentiary hearing.

On May 16, 2013, the Court granted the petitioner's motion to reinstate, but the petitioner failed to renew his motion for an evidentiary hearing. However, "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (collecting cases) (citations omitted). Here, it appears that the petitioner assumed his motion for an evidentiary hearing would automatically be reopened when the Court granted his motion to reinstate his habeas petition. It is clear now that the petitioner intended the motion for an evidentiary hearing to be considered, and the Court will do so now.

Under 28 U.S.C. § 2254(e),

(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The petitioner's motion raises five issues that he believes were incorrectly decided by the state trial court. He is not seeking an evidentiary hearing from this Court. Rather he is asking the Court to remand his case for an evidentiary hearing in the state trial court. The issues, in essence, are the earliest iterations of the issues he presented in his amended habeas petition, which was denied. To the extent that the motion can be construed as a request for an evidentiary hearing before this Court, the petitioner has failed to rebut the presumption of correctness of the state court determinations. Nor has the petitioner identified a new rule of constitutional law made retroactive to cases on collateral review, and he has not identified any factual disputes that could not have been previously discovered through the exercise of due diligence. Therefore, the motion for an evidentiary hearing will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration [dkt. #36] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for an evidentiary hearing [dkt. #4] is

**DENIED**.

            s/David M. Lawson
            DAVID M. LAWSON
            United States District Judge

Dated: August 17, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2016.

        s/Susan Pinkowski
        SUSAN PINKOWSKI